JONATHAN S. WEBER, ESQ., Bar No. 110138
ANDREW L. TREGER, ESQ., Bar No. 240637
WEBER & BAER
2029 Century Park East, Suite 1400
Los Angeles, California 90067
Phone 310-226-7570   Fax 310-226-7571
E-Mail: jonsweber@yahoo.com

Attorneys for Plaintiff, TAGHREED ALTAMIMI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TAGHREED ALTAMIMI,<br><br>Plaintiff,<br><br>v.<br><br>RECKITT BENCKISER LLC;<br>and DOES 1 to 25, Inclusive,<br><br>Defendants, | CASE NO: 8:13-cv-01024-JST-RNB<br>Honorable Josephine Staton Tucker<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES** |

COMES NOW Plaintiff Taghreed Altamimi (hereinafter referred to as "Plaintiff") by and through her counsel herein, for her Second Amended Complaint and alleges as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff filed her complaint in the Superior Court of the State of California in and for the County of Orange entitled, *Taghreed Altamimi vs. Reckitt Benckiser and Does 1 through 25, inclusive* on June 5, 2013.

2. On July 9, 2013, Defendant Reckitt Benckiser LLC (hereinafter referred to as "Reckitt") filed a Notice of Removal of Action Under 28 U.S.C. §1441(b) [Diversity].

1

3. Plaintiff files the instant Second Amended Complaint pursuant to Stipulation and signed Order.

## II. PARTIES

4. Plaintiff, at all times alleged herein was an adult female and a resident in the county of Orange, California.

5. Reckitt, at all times alleged herein, based upon information and belief, is a business organization licensed to do business in California and located in the State of New Jersey.

6. Doe defendants 1 to 10 were the agents or employees of Reckitt and acted within the scope of that agency or employment.

7. Does defendants 11 to 25 are persons whose capacities are unknown to the Plaintiff.

## III. STATEMENT OF FACTS

8. On or about October 19, 2012, Plaintiff purchased a product known as Veet Fast Acting Gel Cream Hair Remover with Essential Oils (hereinafter referred to as "VEET GEL").

9. Plaintiff then used Veet Gel on her hands and legs at her residence located at 34 Abilene Drive, Trabuco Canyon, CA 92679 on or about October 19, 2012.

10. As a result of using Veet Gel as directed, Plaintiff sustained 2nd and 3rd degree burns to her hands and legs.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Products Liability)

11. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

12. Defendants knew VEET GEL would be purchased and used without inspection for defects.

13. The VEET GEL was defective when it left the control of Defendants. The VEET GEL at the time of injury was being used in the manner intended by Defendants.

14. The VEET GEL was used in a manner that was reasonably foreseeable by Defendants as involving a substantial danger readily apparent. Adequate warnings of the danger were not given.

15. Plaintiff was a purchaser of the VEET GEL.

16. As a producing cause and legal result of the defective condition of VEET GEL, as manufactured and/or supplied by Defendants, and as a direct and legal result of negligence, carelessness, or other wrongdoing and actions of the Defendants described herein, Plaintiff suffered and will continue to suffer injury, harm and economic loss as alleged herein.

## SECOND CAUSE OF ACTION

### (Negligence)

17. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

18. Defendants negligently manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, and advertised VEET GEL when they knew, or in the exercise of ordinary care, should have known that VEET GEL posed a significant risk to Plaintiff's health and well-being, which risk was not known to Plaintiff.

19. Defendants knew, or in the exercise of reasonable care, should have known that VEET GEL was of such a nature that if not properly manufactured, labeled, tested, and inspected before use, the product was likely to cause serious injury to the product's user.

20. At all times material hereto, Defendants had a duty to Plaintiff to exercise reasonable care in the design, testing, labeling, packaging, distribution, promotion, marketing, advertisement, sampling, or sale of VEET GEL.

ALTAMIMI V. RECKITT BENCKISER LLC, ET AL.

SECOND AMENDED COMPLAINT FOR DAMAGES

21. Defendants breached their duty and were negligent in their actions, misrepresentations, and omissions toward Plaintiff in that Defendants:

a. failed to use reasonable care to design VEET GEL in a manner that was safe for its intended and foreseeable uses, not defective, and not unreasonably dangerous;

b. failed to use reasonable care in designing and manufacturing of VEET GEL so as to make it safe for its intended uses, not defective, and not unreasonably dangerous;

c. failed to use reasonable care to adequately warn foreseeable users such as Plaintiff of the dangers of using VEET GEL;

d. failed to use reasonable care to make reasonable tests, inspections, drug trials, and/or evaluations necessary to discover such defects and unreasonably dangerous conditions associated with VEET GEL;

e. failed to comply with and/or to use reasonable care to comply with standards of care including accepted industry standards, FDA recommendations, government regulations, statutes, in the design manufacture, affixing of warnings, and otherwise production and distribution of VEET GEL;

f. failed to use reasonable care to timely remove and/or recall from the market, retrofit, and/or otherwise prevent the contact of Plaintiff with such defects and unreasonably dangerous conditions of VEET GEL;

g. failed to use reasonable care to investigate and/or use known and/or knowable reasonable alternative designs, manufacturing processes, and/or materials for VEET GEL;

h. failed to use reasonable care to warn Plaintiff of dangers known and/or reasonably suspected to Defendant to be associated with VEET GEL;

i. failed to use reasonable care to make VEET GEL safe;

j. failed to conduct adequate pre-clinical testing marketing surveillance to determine the safety of VEET GEL;

k.  failed to warn Plaintiff, prior to actively encouraging and promoting VEET GEL, either directly, or indirectly, orally, in writing, or other media about the adverse side effects associated with the use of VEET GEL;

22. Despite the fact that Defendants knew, or reasonably should have known, that VEET GEL caused unreasonable and dangerous side effects, which many users would be unable to remedy by any means, Defendants continued to promote and market VEET GEL to consumers, including Plaintiff, without warning of these side effects, when safer, alternative agents for the same treatment were available.

23. Defendants knew or should have known that VEET GEL caused unreasonably dangerous risks and serious side effects, of which Plaintiff would not be aware. Defendant nevertheless advertised, marketed, sold and distributed the product knowing that there were safer methods and products.

24. As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff has sustained permanent and devastating injuries. These injuries have caused, and will continue in the future to cause, extensive pain and suffering, and emotional distress, and have substantially reduced the Plaintiff's ability to enjoy life; and have caused, and will in the future cause Plaintiff to expend substantial sums of money for medical care, all to the Plaintiff's general damage.

25. As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff has been injured in health, and has suffered injuries to body and mind. In addition, Plaintiff has been rendered externally disfigured. All of said injuries have caused and continue to cause Plaintiff intense anxiety, distress, fear, pain, suffering, and distress secondary to the injury and damages. In addition, Plaintiff has suffered other injury, the exact nature and extent are not known at this time. These injuries have generally damaged Plaintiff, in a sum above the Court's jurisdictional minimum.

26. As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants, Plaintiff required and will continue to require reasonable

and necessary health care, attention and services and did incur medical, incidental, and service expenses thereupon. Plaintiff alleges on information and belief that Plaintiff will in the future be required to obtain medical and/or hospital care, attention, and services in an amount as yet unascertained.

### THIRD CAUSE OF ACTION

### (Strict Liability – Design Defect)

27. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

28. Defendants are the manufacturers and/or suppliers of VEET GEL.

29. The VEET GEL manufactured and/or supplied by Defendants was placed into the stream of commerce by Defendants in a defective and unreasonably dangerous condition in that the foreseeable risks exceeded the benefit associated with the design or formulation.

30. Alternatively, VEET GEL, as manufactured and/or supplied by Defendants, was defective in design and/or formulation in that when such drug was placed in the stream of commerce, it was unreasonably dangerous, was more dangerous than an ordinary consumer would expect and more dangerous than other gel cream hair removers.

31. Based upon information and belief, Defendants actually knew of VEET GEL's defective nature but continued to design, manufacture, market and promote VEET GEL at the expense of public health and safety, in conscious disregard of the foreseeable harm caused by VEET GEL.

32. At all relevant times, defendants knew VEET GEL was defective and unreasonably dangerous under section 402(A) Restatement (Second) of Torts 402.

33. Defendants are also strictly liable under Section 402(B) of the Restatement (Second) of Torts in misrepresenting to the public that its product was safe and without defect, which statement and representation was false and involved a material fact concerning the

1  character or quality of the product in question, and upon which misrepresentations the consumer

2  constructively relied, and which constituted a producing cause of the injuries at issue.

3      34.    As a direct and proximate result of Defendants' defective and unreasonably

4  dangerous product and their failure to warn Plaintiff, Plaintiff was harmed as aforesaid.

5      35.    As a producing cause and legal result of the defective condition of VEET GEL, as

6  manufactured and/or supplied by Defendants, and as a direct and legal result of negligence,

7  carelessness, or other wrongdoing and actions of the Defendants described herein, Plaintiff

8  suffered and will continue to suffer injury, harm and economic loss as alleged herein.

## FOURTH CAUSE OF ACTION

### (Strict Liability – Failure to Warn)

12      36.    Plaintiff re-alleges and incorporates by reference herein each and every allegation

13  contained herein above as though fully set forth and brought in this cause of action.

14      37.    Defendants are manufacturers and/or suppliers of VEET GEL.

15      38.    The VEET GEL manufactured and/or supplied by Defendants was

16  unaccompanied by proper warnings regarding all possible side effects associated with the use of

17  VEET GEL and the comparative severity, incidence, and duration of such adverse effects, i.e.,

18  the warnings given did not accurately reflect the signs, symptoms, incidence, scope or severity of

19  the side effects.

20      39.    The VEET GEL manufactured and/or supplied by Defendants was defective and

21  unreasonably dangerous when it left their possession due to inadequate labeling and warnings or

22  instructions. Defendants knew or should have known of the risks of injury from VEET GEL, and

23  failed to provide adequate warnings to users or consumers of the product and continued to

24  aggressively promote VEET GEL.

25      40.    As a direct, proximate and legal result of Defendants' conduct, Plaintiff suffered

26  injuries and damages specified herein.

41. As a producing cause and legal result of the defective condition of VEET GEL, as manufactured and/or supplied by Defendants, and as a direct and legal result of negligence, carelessness, or other wrongdoing and actions of the Defendants described herein, Plaintiff suffered, and will continue to suffer injury, harm and economic loss as alleged herein.

### FIFTH CAUSE OF ACTION

### (Negligent Failure to Warn)

42. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

43. At all relevant times, Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, and otherwise released into the stream of commerce, VEET GEL, and in the course of same, directly advertised or marketed the product to consumers or persons responsible for consumers, including the FDA, and therefore had a duty to warn of the risks associated with the use of VEET GEL.

44. At all relevant times, VEET GEL was under the exclusive control of the Defendants as aforesaid, and was unaccompanied by appropriate warnings regarding all possible adverse side effects and complications associated with the use of VEET GEL, or duration and extent of the risk of injury with such use.

45. At all relevant times, Defendants failed to timely and reasonably warn, or provide material facts regarding the safety and efficacy of VEET GEL. Had said warnings or facts been provided, no consumer would have used VEET GEL.

46. At all relevant times, Defendants failed to perform or otherwise facilitate adequate testing in that such testing would have shown that VEET GEL posed serious and potentially life-threatening side effects and complications with respect to which full and proper warning accurately and fully reflecting the symptoms, scope and severity should have been made to medical care providers, the FDA, and the public, including the Plaintiff.

47. At all relevant times, VEET GEL, which was researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce by Defendants, was defective due to inadequate labeling and post-marketing warning and/or instruction because, after Defendants knew or should have known of the risk of serious side effects and complications from the use of VEET GEL, Defendants failed to provide adequate warnings to the FDA and the consuming public, including Plaintiff, and continued to promote VEET GEL aggressively.

48. As a direct, proximate and legal result of Defendants' defective and unreasonably dangerous product and its failure to warn Plaintiff, Plaintiff suffered injuries and damages specified herein.

49. As a producing cause and legal result of the defective condition of VEET GEL, as manufactured and/or supplied by Defendants, and as a direct and legal result of negligence, carelessness, or other wrongdoing and actions of the Defendants described herein, Plaintiff suffered, and will continue to suffer injury, harm and economic loss as alleged herein.

## SIXTH CAUSE OF ACTION

### (Breach of Implied Warranty)

50. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

51. Defendants manufactured, sold, distributed, marketed, and/or promoted VEET GEL that was applied by Plaintiff.

52. The VEET GEL applied by Plaintiff was expected to, and did, reach her without a substantial change in condition.

53. Defendants, their agents, and employees, in manufacturing, distributing, supplying, marketing and/or promoting VEET GEL, impliedly warranted that VEET GEL was not unreasonably dangerous, and instead warranted that it was of merchantable quality, reasonably fit and safe for its intended, reasonably foreseeable use.

54. Defendants, their agents, and employees, breached these warranties in that VEET GEL was not of merchantable quality, was not fit for its intended and reasonably foreseeable use, and was unreasonably dangerous in light of the risk of side effects associated with its use, including, but not limited to, disfigurement, and of other risks of serious injuries and adverse side effects to foreseeable users.

55. Defendants, their agents, and employees, also failed to provide adequate warnings for VEET GEL, rendering it unreasonably dangerous and unfit for the intended and/or reasonably foreseeable purposes of use, in breach of this warranty.

56. Plaintiff justifiably and detrimentally relied upon the warranties and representations of Defendants in the use of VEET GEL.

57. VEET GEL, as used by Plaintiff, was formulated, manufactured, marketed, packaged, and labeled by Defendants with implied warranties of merchantability and of fitness for its intended purpose, without risk of permanent damage to the purchaser's and/or consumer's body and health.

58. Plaintiff relied upon Defendants' implied warranties and upon the Defendants' skill and judgment, in VEET GEL.

59. Defendants breached these implied warranties to Plaintiff in violation of relevant provisions of the applicable Uniform Commercial Code (a) by manufacturing, marketing, packaging, labeling, and providing products to Plaintiff without warning of the risk of injuries, including without limitation, permanent disfigurement, in the packaging and labeling; (b) by failing to indicate such risks to Plaintiffs or their physicians or pharmacists, and/or without so modifying or excluding such implied warranties; (c) by manufacturing, marketing, packaging, and labeling the product VEET GEL, which failed to treat Plaintiff's condition in a safe manner and without injuries, including, without limitation, permanent disfigurement and (d) by manufacturing, marketing, packaging, labeling, and providing to Plaintiff, VEET GEL, which caused Plaintiff serious physical injury and pain and suffering and attendant economic loss.

60. As a proximate result of Defendants' breach of implied warranties, Plaintiff has incurred and will continue to incur: serious physical injury, pain and suffering, loss of opportunity, loss of family and social relationships, and medical and hospital and other expenses related to the diagnosis and treatment thereof, for which Defendants are liable.

61. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff suffered serious and permanent injuries. As a further direct and proximate result of the acts and omissions of Defendants, Plaintiff has been prevented from pursuing her normal activities and employment, has experienced severe pain and suffering and mental anguish, and has been deprived of her ordinary pursuits and enjoyments of life.

62. As a direct, proximate and legal result of Defendants' defective and unreasonably dangerous VEET GEL and its breach of implied warranty, Plaintiff suffered injuries and damages specified herein.

63. As a producing cause and legal result of the defective condition of VEET GEL, as manufactured and/or supplied by Defendants, and as a direct and legal result of negligence, carelessness, or other wrongdoing and actions of the Defendants described herein, Plaintiff suffered, and will continue to suffer injury, harm and economic loss as alleged herein.

### SEVENTH CAUSE OF ACTION

(Breach of Express Warranty)

64. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

65. Defendants manufactured, sold, distributed, marketed, and/or promoted VEET GEL, which was used by Plaintiff, and this product was expected to, and did, reach Plaintiff without a substantial change in condition.

66. Defendants, their agents and employees, in manufacturing, distributing, supplying, marketing and/or promoting VEET GEL, expressly warranted that it was safe and effective for its use.

67. Defendants, their agents and employees, breached this warranty in that VEET GEL was not safe and effective for its intended, reasonably foreseeable use because of the risk of disfigurement and other serious side effects associated with its use and in light of other risks of serious injuries to foreseeable users.

68. Defendants failed to provide adequate warnings for VEET GEL, rendering it unreasonably dangerous and unfit for the intended, reasonably foreseeable purposes for which it is used, in breach of warranty.

69. Plaintiff, justifiably and detrimentally, relied upon the warranties and representations of the Defendants in the use of the product.

70. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff suffered serious and permanent injuries, as set forth herein. As a further direct and proximate result of the acts and omissions of Defendants, Plaintiff has been prevented from pursuing her normal activities, has experienced severe pain and suffering and mental anguish, and has been deprived of her ordinary pursuits and enjoyments of life.

71. Defendants through affirmation of fact and promises relating to their products to the FDA and the general public, including Plaintiff herein, expressly warranted that their product, VEET GEL, was effective and safe for its intended use.

72. These warranties came in the form of: (a) verbal assurances of safety and efficacy by Defendants, their agents, and employees, which failed to warn of the risks inherent to use of Defendants' product, VEET GEL or the indications thereof.

73. At the time of making these express warranties, Defendants had knowledge or had reason to know or in the exercise of reasonable care would have known of the purpose for which VEET GEL was to be used and warranted same to be in all respects safe, effective and proper for such purpose.

74. VEET GEL did not conform to these express representations in that it was neither safe nor effective, and it produced serious side effects, including, but not limited to, permanent disfigurement.

75. As such, Defendants' VEET GEL, was neither in conformity to the promises, descriptions or affirmations of fact made of this product by Defendants nor adequately contained, packaged, labeled, or fit for the ordinary purposes for which such product was to be used.

76. Defendants breached express warranties to Plaintiff in violation of the relevant provisions of the applicable Uniform Commercial Code: (a) by manufacturing, marketing, labeling, and promoting a product to Plaintiff in such a way that misstated the risk of injuries, including, without limitation, permanent disfigurement, without warning or disclosing such risk to Plaintiff and/or without so modifying or excluding such erroneous express warranties; (b) by manufacturing, marketing, packaging, labeling, and promoting to Plaintiff VEET GEL, and failing to provide a safe product that did not cause injuries; and (c) by manufacturing, marketing, packaging, labeling, and promoting to Plaintiff the product VEET GEL causing Plaintiff serious physical injury, pain and suffering.

77. As a proximate result of all Defendants' breach of express warranties, Plaintiff has incurred and will continue to incur: serious physical injury, pain and suffering, loss of income, loss of opportunity, loss of family and social relationships, and medical, hospital, surgical expense, and other expenses related to diagnosis and treatment thereof; for which Defendants are liable.

78. As a direct and proximate result of Defendants' defective and unreasonably dangerous VEET GEL and its breach of express warranty, Plaintiff was harmed as aforesaid.

79. As a producing cause and legal result of the defective condition of VEET GEL, as manufactured and/or supplied by Defendants, and as a direct and legal result of negligence, carelessness, or other wrongdoing and actions of the Defendants described herein, Plaintiff suffered, and will continue to suffer injury, harm and economic loss as alleged herein.

///

///

///

///

ALTAMIMI V. RECKITT BENCKISER LLC, ET AL.                SECOND AMENDED COMPLAINT FOR DAMAGES

1  WHEREFORE, plaintiff prays for a jury trial and for judgment against defendants, and
2  each of them, as follows:
3      1. General damages in a sum in excess of the minimum jurisdictional limit of this court
4  and according to proof;
5      2. For medical and related expenses according to proof;
6      3. Loss of earnings and earning capacity according to proof;
7      4. For costs of suit incurred herein;
8      5. All interest allowable under the law;
9      6. For such other and further relief as this court may deem just and proper.

11  Dated: September 10, 2013        WEBER & BAER

14  By: _____
    ANDREW L. TREGER,
15  Attorneys for Plaintiff,
    TAGHREED ALTAMIMI

ALTAMIMI V. RECKITT        SECOND AMENDED
BENCKISER LLC, ET AL.        COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

### TAGHREED ALTAMIMI v. RECKITT BENCKISER LLC

### USDC Case No.: 8:13-cv-01024-JST-RNB

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18, and my business address is 2029 Century Park East, 14th Floor, Los Angeles, California 90067.

On September 11, 2013, I served the document described as **SECOND AMENDED COMPLAINT FOR DAMAGES** on the following interested parties and/or their counsel in this action by the method(s) noted below:

Stephen H. Smith, Esq.
Lauren M. Pisieczko, Esq.
Yoka & Smith, LLP
445 S. Figueroa Street, 38th Floor
Los Angeles, CA 90071
Tel: (213) 427-2300; Fax: Tel: (213) 427-2330
shsmith@yokasmith.com
lpisieczko@yokasmith.com

Counsel for Defendant RECKITT BENCKISER LLC

☒ **(BY FIRST CLASS MAIL):** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California.

☐ **(BY EXPRESS MAIL):** I placed the above referenced document(s) in an envelope for collection and delivery on this date in accordance with standard express mail procedures of Federal Express.

☐ **(BY E-FILING) (USDC):** I caused such document to be sent electronically to the court; electronic filing constitutes service upon the parties who have consented to electronic service.

☐ **(BY EMAIL):** I caused such document to be emailed to the above addressees at the above-noted email address.

☐ **(BY PERSONAL SERVICE):** I personally served the above-noted document to the defense counsel on this day.

☒ **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 11, 2013 at Los Angeles, California.

_Robert Herzlich_
Robert Herzlich